**PRECISION SHOOTING EQUIPMENT, INC., Plaintiff,**

**v.**

**HIGH COUNTRY ARCHERY, a Tennessee corporation, Defendant.**

**No. Civ. 95–820 TUC ACM.**

United States District Court, D. Arizona.

March 11, 1998.

Marvin A. Glazer, William C. Cahill, Cahill, Sutton & Thomas, Phoenix, AZ, for Precision Shooting Equipment, Inc.

Jacob E. Vilhauer, Jr., William O. Geny, Bruce W. DeKock, Chernoff, Vilhauer, McClung & Stenzel, Portland, OR, William E. Edwards, Edwards, Kofron, Ketcham & Egbert, P.C., Tucson, AZ, for High Country Archery.

## ORDER

MARQUEZ, Senior District Judge.

Defendant, High Country Archery, filed a motion for a Markman Hearing on January 9, 1998, in which it requested a briefing schedule on all claims and terms within the patents in the suit that are in dispute and requested a Markman Hearing to determine the limits of these claims and to interpret them as they relate to the products at issue. The Defendant argued that many of the patent claims that are in dispute have ambiguous language. The Plaintiff made no objection to having a Markman hearing, but responded that the Court's construction of disputed claim terms should be limited to material disputes.

Under *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), the court "has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." Because *Markman* involved the construction of claims after a jury verdict, different courts have taken different approaches to the proceedings required for a pretrial construction of claims. The Northern District of California has adopted local rules to govern a patent infringement case, from the filing of the Complaint to the claim construction (Markman) hearing. These rules promote judicial efficiency by presenting to the Court clearly delineated disputes of claim construction and clearly defined issues of infringement and invalidity prior to any Markman Hearing or trial.

■ This Court utilized the California rules as a guide for this Order, except to the extent that they allow extrinsic evidence to be used at variance with *Markman.* It is this Court's opinion that extrinsic evidence "may be helpful to explain scientific principles, the meaning of technical terms, and terms of art that appear in the patent and patent history," but may not be used to prove to the Court what is the proper or legal construction of any claim. *Id.* at 980–981. *See also Vitronics Corp. v. Conceptronic,*

*Inc.,* 90 F.3d 1576, 1583 (Fed.Cir.1996) (when "the public record [claims, specification, prosecution history] unambiguously describes the scope of the patented invention, reliance on any extrinsic evidence is improper.")

■ The Defendant asks the Court to determine the limits of the patent claims in dispute and to interpret them as they relate to the products at issue. Once the Court has constructed the meaning of language used in a patent claim as a matter of law, it is up to the parties to argue and the jury to decide whether the language describes the products at issue and whether infringement has taken place. The Court, therefore, may not go so far as to read the claims on the products.

■ The Plaintiff asks that the Court's construction of the disputed claims be limited to material disputes. Since the infringement of a claim requires that the accused product meet every limitation of the claim, either literally or by equivalents, *Stiftung v. Renishaw PLC,* 945 F.2d 1173, 1178 (Fed.Cir. 1991), any dispute over the construction of any element or term of a claim at issue is material and should be resolved by the Court.

Accordingly,

**IT IS ORDERED** that no later than March 30, 1998, the Plaintiff shall serve on the Defendant a "Proposed Claim Construction Statement" (PCCS) which shall contain the following information for each claim in issue: [1]

(1) Identification of any special or uncommon meanings of words or phrases in the claim;

(2) All references from the specification that support, describe, or explain each element of the claim;

(3) All material in the prosecution history that describes or explains each element of the claim; and

(4) Any extrinsic evidence for explaining scientific principles, the meaning of technical terms, and terms of art that appear in the claims in issue and in the references from the specification and prose-

---

1. Pursuant to the Pretrial Order, the claims in issue are limited to claims 6, 7, 15, and 17 of the '744 patent, and claims 1, 21, 29, 30, and 31 of the '520 patent.

cution history that describe or explain each element of these claims. Such extrinsic evidence may include, but is not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

**IT IS FURTHER ORDERED** that no later than April 20,1998, the Defendant shall serve upon the Plaintiff a "Response to Proposed Claim Construction Statement." This response shall contain the following information:

(1) Identification of any special or uncommon meaning of words or phrases in the claim in addition or contrary to those disclosed in the PCCS;

(2) All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed in the PCCS;

(3) All material in the prosecution history that describes or explains each element of the claim in addition or contrary to those disclosed in the PCCS; and

(4) In addition or contrary to that disclosed in the PCCS: any extrinsic evidence for explaining scientific principles, the meaning of technical terms, and terms of art that appear in the claims in issue and in the references from the specification and prosecution history that describe or explain each element of these claims. Such extrinsic evidence may include, but is not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

**IT IS FURTHER ORDERED** that no later than May 5, 1998, the parties shall jointly prepare and file with the Court a "Joint Claim Construction Statement," which shall contain the following information:

(1) The construction of those claims and terms to which the parties agree;

(2) Each party's proposed construction of each disputed claim and term, supported by the same information as required in the "Proposed Claim Construction Statement" and "Responses to Proposed Claim Construction Statement";

(3) Each party's rebuttal arguments to the other party's proposed construction of the other party's proposed construction of each disputed claim and term, supported by the same information as required in the "Proposed Claim Construction Statement" and "Responses to Proposed Claim Construction Statement";

(4) For any party who proposes to call one or more witnesses at the claims construction hearing, the identity of each such witness, the subject matter of each witness' testimony and an estimate of the time required for the testimony.

**IT IS FURTHER ORDERED** that a Claim Construction (Markman) Hearing shall be held at 10:00 A.M. on May 19, 1998.

**IT IS FURTHER ORDERED** that the parties shall be prepared to call at the hearing all the witnesses they identified above.

IT IS FURTHER ORDERED that no later than June 9, 1998, the Plaintiff shall serve and file a "Claim Chart." The Claim Chart must contain the following information:

(1) Each claim of any patent in the suit which the Plaintiff alleges was infringed;

(2) The identity of each apparatus, product, device, process, method, act, or other instrumentality of the Defendant which allegedly infringes each claim;

(3) Whether such infringement is claimed to be literal or under the doctrine of equivalents;

(4) Where each element of each infringed claim is found within each apparatus, product, device, process, method, act, or other instrumentality; and

(5) If the Plaintiff wishes to preserve the right to rely on its own apparatus, product, device, process method, act, or other instrumentality as evidence of commercial success, the Plaintiff must identify, separately for each claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**IT IS FURTHER ORDERED** that no later than June 23, 1998, the Defendant shall

serve and file a "Response Chart" which must contain the following information:

(1) The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b), shall be identified by the item offered for sale or publicly used, the date the offer or use took place, the identity of the person or entity which made the use or which made and received the offer; and

(2) Whether it anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified;

(3) Where, specifically, within each item of prior art each element of the claim is found;

(4) All grounds of invalidity other than anticipation or obviousness of any of the claims listed in Claimant's Claim Chart. This identification must be as specific as possible. For instance, if a best mode defense is raised, the adverse party must set forth with particularity what constitutes the inventor's best mode, specifically citing the information or materials obtained in discovery to the extent feasible. If an enablement defense is raised, the Defendant must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention; and

(5) If the Plaintiff has alleged willful infringement, the date and a document reference number of each opinion of counsel upon which the party relies to support a defense to the wilfulness allegation, including, but not limited to, issues of validity, and infringement of any patent in suit.

1. Kenneth S. Apfel was officially sworn in as the Commissioner of the Social Security Administration on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure,

**IT IS FURTHER ORDERED** that a jury trial shall be set for July 6, 1998, at 1:30 P.M.